FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| FORTUNATO DE JESUS AMADOR DUENAS, | No. 18-71987 |
| *Petitioner*, | Agency No. A205-318-278 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | ORDER AND AMENDED OPINION |
| *Respondent*. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 20, 2023[*]
San Francisco, California

Filed July 27, 2023
Amended August 24, 2023

Before:  John B. Owens, Kenneth K. Lee, and Patrick J.
Bumatay, Circuit Judges.

---

[*] The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Order;
Opinion by Judge Lee

**SUMMARY**[**]

**Immigration**

Denying Fortunato de Jesus Amador Duenas's petition for review of a decision of the Board of Immigration Appeals, the panel held that the appointment and removal process for Immigration Judges and members of the BIA comports with Article II of the Constitution.

The panel rejected Amador Duenas's suggestion that Immigration Judges and BIA members are principal officers who, under the Appointments Clause of Article II, must be nominated by the President and confirmed by the Senate. Rather, the panel concluded that they are inferior officers (whose appointment may be vested in the head of a department) because the Attorney General ultimately directs and supervises their work. Thus, the panel held that the Appointments Clause allows Congress to vest their appointment in the Attorney General.

The panel next held that the removal process for Immigration Judges and BIA members satisfies Article II, which requires that officers remain accountable to the President by limiting restrictions on the removal of the President's subordinates. The panel explained that the

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Attorney General has the power to remove Immigration Judges and BIA members, and that nothing restricts the Attorney General's ability to remove them. Thus, these officers remain dependent on the Attorney General for their positions—and by extension, on the President.

In an accompanying memorandum disposition, the panel rejected Amador Duenas's other challenges.

## COUNSEL

Fortunato De Jesus Amador Duenas, San Bernardino, California, pro se Petitioner.

Aric A. Anderson, Trial Attorney; Kohsei Ugumori and Andrew C. MacLachlan, Senior Litigation Counsel; Joseph H. Hunt, Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent

## ORDER

Respondent's Motion to Amend (Dkt. No. 45) is GRANTED. The opinion filed July 27, 2023 is amended by the opinion filed concurrently with this order. The existing deadline to file a Petition for Rehearing or Petition for Rehearing En Banc remains in place.

**OPINION**

LEE, Circuit Judge:

Our Constitution vests all executive power in one person, the President of the United States.  U.S. Const. art. II, § 1, cl. 1.  The President, however, remains answerable to the people, and the officials who work for the President, in turn, remain answerable to him or her.  This structure ensures that the Executive Branch—and its vast power provided by the Constitution—remains accountable to the people.

Article II protects this chain of accountability.  Its Appointments Clause limits who can appoint executive branch officers, making clear to the people who is responsible for good—and bad—appointees wielding considerable power.  *See Lucia v. SEC*, 138 S. Ct. 2044, 2056 (2018) (Thomas, J., concurring).  And Article II bars a restriction on the President's power to remove officers if it insulates them from presidential oversight.  *See Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2191–92 (2020).  These rules are a crucial feature of the separation of powers that lies at the heart of our constitutional system.  The President's accountability to the people legitimizes the concentration of executive power in the President.  *Id.* at 2203.  In turn, the President's "ongoing supervision and control" of executive officials legitimizes the power that they exert in his or her name.  *Id.*

In this case, Fortunato de Jesus Amador Duenas challenges the constitutionality of the appointment and removal process for Immigration Judges and members of the Board of Immigration Appeals (BIA).  These officials exercise significant authority within our immigration system, making them officers under the Appointments

Clause.  *See* U.S. Const. art. II, § 2, cl. 2.  But they remain accountable for their conduct.  They are inferior officers appointed by the Attorney General, 8 U.S.C. § 1101(b)(4); 8 C.F.R. § 1003.1(a)(1), who is in turn appointed by the President, 28 U.S.C. § 503.  And nothing restricts the Attorney General's ability to remove these officials.  This process follows our Constitution and the separation-of-powers principles that underlie it.  Accordingly, we deny Amador Duenas's petition for review.[1]

## STANDARD OF REVIEW

We review de novo the constitutionality of the appointment and removal process for Immigration Judges and members of the BIA.  *See Ledezma-Cosino v. Sessions*, 857 F.3d 1042, 1045–46 (9th Cir. 2017) (en banc).

## ANALYSIS

Article II of the Constitution vests all "executive Power" in the President of the United States.  U.S. Const. art. II, § 1, cl. 1.  With this power comes the responsibility to "take Care that the Laws be faithfully executed."  *Id.* § 3.  To that end, the Appointments Clause mandates that the President appoint the principal "Officers of the United States," subject to "the Advice and Consent of the Senate."  *Id.* § 2, cl. 2.  Principal officers include cabinet heads and other high-level appointees.  *See id.* § 2.  Relevant here, the Appointments Clause also allows Congress to vest the appointment of "inferior" officers, who still exercise significant authority but do not need Senate confirmation, in "Heads of Departments."  *Id.*

---

[1] We reject Amador Duenas's other challenges in a memorandum disposition issued concurrently with this opinion.

Amador Duenas challenges the appointment and removal of Immigration Judges and BIA members, arguing that these processes do not follow the constraints imposed by Article II.  He suggests that Immigration Judges and BIA members are principal officers, so they must be nominated by the President and confirmed by the Senate.  He also maintains that the lack of a specific statutory provision governing their removal violates Article II.  We reject these arguments.

## I. Immigration Judges and BIA members are inferior officers properly appointed by the Attorney General.

The Appointments Clause applies only to "Officers of the United States"—not simple employees. *Lucia*, 138 S. Ct. at 2049 (quoting U.S. Const. art. II, § 2, cl. 2).  Unlike employees, officers, whether principal or inferior, exercise "significant authority pursuant to the laws of the United States," *id.* at 2051 (quoting *Buckley v. Valeo*, 424 U.S. 1, 126 (1976) (per curiam)), and their duties are "continuing and permanent," rather than "occasional or temporary," *id.* (quoting *United States v. Germaine*, 99 U.S. 508, 511–12 (1878)).  For example, SEC Administrative Law Judges qualify as officers because they "hold a continuing office established by law" and exercise "all the authority needed to ensure fair and orderly adversarial hearings" before issuing "decisions containing factual findings, legal conclusions, and appropriate remedies." *Id.* at 2053.

For the same reasons, Immigration Judges and BIA members also qualify as officers.  Their responsibilities are legally defined and continuous.  *See* 8 U.S.C. § 1229a (Immigration Judges); 8 C.F.R. § 1003.1 (members of the BIA).  And they wield substantial authority: Immigration

Judges conduct adversarial hearings in removal proceedings, *see* 8 U.S.C. § 1229a(b)–(c), and BIA members perform substantive appellate review of Immigration Judges' removal determinations, leading to decisions that combine factual and legal analysis and that order suitable remedies, *see* 8 C.F.R. § 1003.1(d).

The key question here is whether Immigration Judges and BIA members are principal or inferior officers. When distinguishing between these types of officers, we mainly look at whether the officer's work is "'directed and supervised at some level' by other officers appointed by the President with the Senate's consent." *Free Enter. Fund v. PCAOB*, 561 U.S. 477, 510 (2010) (quoting *Edmond v. United States*, 520 U.S. 651, 663 (1997)); *see also Seila Law*, 140 S. Ct. at 2199 n.3.

Under this framework, Immigration Judges and BIA members are inferior officers. The Attorney General—who is appointed by the President with the consent of the Senate, 28 U.S.C. § 503—ultimately directs and supervises the work of both officials. *See* 8 U.S.C. § 1101(b)(4) ("An immigration judge shall be subject to such supervision and shall perform such duties as the Attorney General shall prescribe . . . ."); 8 C.F.R. § 1003.1(a)(1) ("[Members of the BIA] shall . . . act as the Attorney General's delegates in the cases that come before them.").

And because they are inferior officers of the United States, the Appointments Clause allows Congress to vest their appointment in the head of a department. U.S. Const. art. II, § 2, cl. 2. The Attorney General qualifies as the head of a department, as he or she leads the Department of Justice. 28 U.S.C. § 503; *see Free Enter. Fund*, 561 U.S. at 510 (establishing that the executive departments enumerated in 5

U.S.C. § 101—including the Department of Justice—constitute departments under the Appointments Clause). And Congress has charged the Attorney General with the responsibility of appointing Immigration Judges and members of the BIA. 8 U.S.C. § 1101(b)(4) (Immigration Judges); 8 C.F.R. § 1003.1(a)(1) (members of the BIA).**[2]** The Attorney General's involvement in this process maintains "clear lines of accountability—encouraging good appointments and giving the public someone to blame for bad ones." *Lucia*, 138 S. Ct. at 2056 (Thomas, J., concurring). In short, the appointment process for Immigration Judges and BIA members satisfies Article II and the principles that it protects.

## II. The removal process for Immigration Judges and BIA members also satisfies Article II.

Article II requires that officers remain accountable to the President—and ultimately to the people—by limiting restrictions on the removal of the President's subordinates. *Seila Law*, 140 S. Ct. at 2191–92. If Congress has vested the appointment of inferior officers in the head of a department, "it is ordinarily the department head, rather than the President, who enjoys the power of removal." *Free Enter. Fund*, 561 U.S. at 493. (The President, of course, can direct the department head to remove an inferior officer and can also dismiss the department head, holding him or her "to

---

[2] No statute specifically governs the appointment of BIA members. But Congress authorized the Attorney General to enact the regulations establishing the BIA (which is housed in the Executive Office for Immigration Review, 8 C.F.R. § 1003.1(a)(1)), and thus, by extension, vested the power to appoint the BIA's members in the Attorney General as well. *See* 6 U.S.C. § 521.

account for . . . supervision" of the officer. *See id.* at 495–96.)

Relying on *Free Enterprise Fund v. PCAOB*, 561 U.S. 477 (2010), Amador Duenas questions the constitutionality of the removal process for Immigration Judges and BIA members. He maintains that no statutory provision expressly provides for their removal. But there can be no doubt that the Attorney General enjoys the power to remove Immigration Judges and members of the BIA, just as he or she enjoys the power to appoint them. *Cf. Myers v. United States*, 272 U.S. 52, 119 (1926) (noting "the well-approved principle of constitutional and statutory construction that the power of removal of executive officers was incident to the power of appointment").

And *Free Enterprise Fund* does not support Amador Duenas's argument. In that case, the Court determined that a double layer of for-cause protection violated Article II because it insulated an official from presidential oversight and removal. 561 U.S. at 495–96. Amador Duenas has identified no such limit on the Attorney General's ability to dismiss Immigration Judges or BIA members. Thus, the removal process for these officials complies with Article II, as they "remain dependent" on the Attorney General for their positions—and by extension, on the President. *See Seila Law*, 140 S. Ct. at 2211.

## CONCLUSION

We hold that the appointment and removal process for Immigration Judges and members of the BIA comports with Article II of our Constitution. For these reasons and those set forth in our accompanying memorandum disposition, we **DENY** Amador Duenas's petition for review.